Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

BARRY CAMPBELL,

*Defendant-Appellant.*

No. 03-4547

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-02-642-A)

Submitted: January 30, 2004

Decided: February 20, 2004

Before WIDENER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Frank W. Dunham, Jr., Federal Public Defender, Anne M. Chapman, Suzanne Little, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Scott J. Stein, Assistant United States Attorney, Richard D. Cooke, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Barry Campbell timely appeals his conviction and sentence following a jury trial for being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1) (2000). Campbell was sentenced to 77 months of imprisonment. On appeal, he argues that the district court abused its discretion in excluding allegedly exculpatory polygraph evidence, abused its discretion in admitting expert testimony on fingerprint evidence, erred by enhancing his sentence for obstruction of justice and the Government presented insufficient evidence to convict him. We affirm.

We review a district court's decision to admit or exclude evidence for an abuse of discretion. *United States v. Young*, 248 F.3d 260, 266 (4th Cir. 2001). The district court excluded Campbell's polygraph evidence under this court's per se ban against the admission of such evidence. *See Prince-Oyibo*, 320 F.3d 494 (4th Cir.), *cert. denied*, 124 S. Ct. 957, 2003 WL 21693536 (Dec. 15, 2003) (No. 03-5297). The district court admitted the expert testimony on fingerprint evidence, after extensive debate on the subject, under this court's recent ruling in *United States v. Crisp*, 324 F.3d 261, 265 (4th Cir.), *cert. denied*, 124 S. Ct. 220 (2003). We cannot say that either decision was an abuse of discretion.

Campbell next challenges the district court's two-level enhancement of his sentence under *U.S. Sentencing Guidelines Manual* § 3C1.1 (2002). In regard to § 3C1.1, the Supreme Court has stated that a trial court's decision to apply the enhancement is sufficient if "the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *United States v. Dunnigan*, 507 U.S. 87, 95 (1993). A defendant commits perjury if he "1) gives false testimony; 2) concerning a material matter; 3) with the willful intent to deceive, rather than

as a result of confusion or mistake." *United States v. Stotts*, 113 F.3d 493, 497 (4th Cir. 1997). Here, the district court found that Campbell had committed perjury by testifying under oath that he did not know the firearm was in his car. The court's decision to award the enhancement was not erroneous.

Finally, Campbell challenges the sufficiency of the evidence against him. We must affirm the conviction if there is substantial evidence to support it. *United States v. Stockton*, 349 F.3d 755, 760-61 (4th Cir. 2003). "In determining whether the evidence in the record is 'substantial,' we view the evidence in the light most favorable to the Government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* at 761 (citation omitted).

Here, the Government presented the testimony of a police officer who pulled Campbell's vehicle over for erratic driving. The officer testified that he saw Campbell kicking at a bag under the driver's seat multiple times. When the officer searched the car, he discovered that the bag contained a handgun. Campbell was the owner and sole occupant of the car. The Government presented expert testimony that two fingerprints on the bag belonged to Campbell. Although Campbell testified that he did not know there was a gun or a bag in his car, the jury was free to find this testimony unconvincing. *See United States v. Lowe*, 65 F.3d 1137, 1142 (4th Cir. 1995) ("Credibility determinations are within the sole province of the jury and are not susceptible to judicial review"). We find the Government presented sufficient evidence from which a rational factfinder could conclude that Campbell knowingly possessed the firearm beyond a reasonable doubt.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*