**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-4547**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BARRY CAMPBELL,

Defendant - Appellant.

———————————

On Remand from the United States Supreme Court.
(S. Ct. No. 03-10525)

———————————

Submitted:  September 30, 2005      Decided:  October 13, 2005

———————————

Before WIDENER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Frank W. Dunham, Jr., Federal Public Defender, Anne M. Chapman,
Suzanne Little, Assistant Federal Public Defenders, Alexandria,
Virginia, for Appellant.  Paul J. McNulty, United States Attorney,
Michael J. Elston, Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Barry Campbell was convicted after a jury trial of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000). He was sentenced to seventy-seven months in prison and three years of supervised release. We affirmed his conviction and sentence. United States v. Campbell, No. 03-4547, 2004 WL 323648 (4th Cir. Feb. 20, 2004) (unpublished).

Campbell filed a petition for writ of certiorari in the United States Supreme Court, which was denied on June 21, 2004. Campbell v. United States, 124 S. Ct. 2893 (2004). However, the Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004), three days later on June 24, 2004. Campbell filed a timely petition for rehearing, which was granted. Campbell v. United States, 125 S. Ct. 1112 (2005). The Court vacated its previous denial of certiorari and this court's February 20, 2004 judgment in light of the decision in United States v. Booker, 125 S. Ct. 738 (2005). Id. Campbell's case has been remanded to this court for further proceedings.

Because Campbell's sentence was imposed prior to the decisions in Booker and Blakely, he did not raise objections to his sentence based on the mandatory nature of the Sentencing Guidelines or the district court's application of sentencing enhancements based on facts not admitted by Campbell or found by a jury beyond a reasonable doubt. Therefore, we review his sentence for plain

error.  See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).  To demonstrate plain error, a defendant must establish that the error occurred, that it was plain, and that it affected his substantial rights.  Id. at 547-48.

In Booker, the Supreme Court applied the rationale of Blakely to the federal sentencing guidelines and held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.  Booker, 125 S. Ct. 746-48, 755-56 (Stevens, J., opinion of the court).  The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2004) (requiring sentencing courts to impose a sentence within the applicable guidelines range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2004) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory.  Hughes, 401 F.3d at 546 (citing Booker, 125 S. Ct. at 757, 764 (Breyer, J., opinion of the Court)).

We conclude that Campbell has demonstrated plain error under United Stats v. White, 405 F.3d 208 (4th Cir. 2005).[*]  In White, we held that a defendant can demonstrate the prejudice

---

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Campbell's sentencing.  See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

associated with a mandatory application of the guidelines on the basis of statements by the sentencing court that it would otherwise have departed from the guidelines. See id. at 223-24. As the Government concedes, this is the case here based on the court's comments at sentencing.

Accordingly, we vacate Campbell's sentence and remand for resentencing consistent with Booker and its progeny. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED